UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GRACIELA S.,[1]

                                                          Plaintiff,            Case # 20-CV-6648-FPG

v.                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                          Defendant.

## INTRODUCTION

Plaintiff Graciela S. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 15, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In September 2017, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 59-60, 68-69. She alleged disability since September 2017 due to back injury, shoulder pain, and neck pain. *Id.* In September 2019, Administrative Law Judge

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 12.

1

Hortensia Haaversen ("the ALJ") issued a decision finding that Plaintiff is not disabled.  Tr. 15-24.  In June 2020, the Appeals Council denied Plaintiff's request for review.  Tr. 1-3.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.     District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).[3]  If so, the claimant is not disabled.  If not, the ALJ

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations.  *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

3

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 2017, her alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had one severe impairment: lumbar strain. *Id.* At step three, the ALJ found that this impairment did not meet or medically equal any Listings impairment. Tr. 18.

Next, the ALJ determined that Plaintiff had the RFC to perform light work with additional limitations. Tr. 18-19. At step four, the ALJ found that Plaintiff could perform her past relevant work as a tax preparer. Tr. 23. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 23-24.

### II. Analysis

Plaintiff argues that remand is warranted because, *inter alia*, the ALJ failed to address the opinion of independent medical examiner Steven Hausmann, M.D. *See* ECF No. 16 at 15-17. Because the Court agrees, it need not address Plaintiff's other arguments.

"For claims made after March 27, 2017, the ALJ is to consider the opinion evidence pursuant to the rules stated in 20 CFR 404.1520c." *Melissa P. v. Comm'r of Soc. Sec.*, No. 20-CV-1007, 2022 WL 669325, at *6 (N.D.N.Y. Mar. 7, 2022). One of those rules, set forth in subsection (b), provides as follows: "We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record." 20 C.F.R. § 404.1520c(b). By its plain language—and as the Commissioner concedes, ECF No. 17-1 at 19—subsection (b) requires the ALJ to "consider and articulate [her] consideration of *all* medical opinions." *Revisions to Rules Regarding the Evaluation of Medical*

*Evidence*, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (emphasis added).  An ALJ's failure to comply with this rule warrants remand unless the error is harmless.  *See Tammy T. v. Kijakazi*, No. 21-CV-1, 2022 WL 71995, at *13-14 (D. Vt. Jan. 7, 2022).  In this case, the ALJ's decision contains no mention of Dr. Hausmann's opinion, let alone a clear articulation of how the ALJ considered the opinion.  *See* Tr. 20-23.  Accordingly, the ALJ failed to comply with the Section 404.1520c(b), and remand is warranted.  *See Tammy T.*, 2022 WL 71995, at *13-14.

The Commissioner's contrary arguments merit only brief comment.  First, the Commissioner argues that 20 C.F.R. § 404.1504 precluded the ALJ from considering Dr. Hausmann's opinion because Dr. Hausmann issued it in the context of a workers' compensation proceeding.  *See* ECF No. 17-1 at 19.  But Section 404.1504 expressly directs ALJs to consider "all of the supporting evidence underlying [another] governmental agency or nongovernmental entity's decision [regarding disability]," which includes medical opinion evidence.  20 C.F.R. § 404.1504; *id.* § 404.1513(a)(2); *see also Darla W. v. Comm'r of Soc. Sec.*, No. 20-CV-1085, 2021 WL 5903286, at *7 (N.D.N.Y. Dec. 14, 2021).

Second, the Commissioner asserts that any error is harmless.  To be sure, Dr. Hausmann's opinion could be construed as consistent with the ALJ's RFC and ultimate finding of non-disability, insofar as Dr. Hausmann opined that Plaintiff's work injury would likely be temporary.  *See* Tr. 405.  But the persuasive value to be given to the opinion and the relevance of Dr. Hausmann's observations and clinical findings during his examination, especially when viewed in the context of the medical record as a whole, are fact-intensive issues better left to the ALJ on remand.  At this juncture, the Court cannot conclude that the opinion, and the clinical findings underlying it, could have no effect on the outcome of the ALJ's decision.  *See Wettlaufer v. Colvin*,

203 F. Supp. 3d 266, 281 (W.D.N.Y. 2016) (noting that an error is harmless where "application of the correct legal principles to the record could lead to only one conclusion").

Accordingly, remand for further proceedings is warranted.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 15) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 28, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York